UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RICHARD GLENN IV, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-00594 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 23) recommending that the Court deny Richard Glenn's Motion for Judgment on the Administrative Record (Doc. No. 18) and affirm the decision of the Social Security Agency Commissioner (the "Commissioner").[1] Glenn has filed an objection, the Commissioner has filed a response, and Glenn filed a reply. (Doc. Nos. 24, 25, 26-1). For the following reasons, Glenn's objection will be overruled, and the R&R will be approved and adopted.

**I.  BACKGROUND**

The Magistrate Judge has carefully recounted the factual background and procedural history of this case, and the Court need not recite it in depth here. (Doc. No. 23 at 1–2). In short, Glenn filed for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, claiming he had been disabled and unable to work since January 1, 2018 due to PTSD, bipolar disorder, and other mental illness. (Id. at 1; see also Doc. No. 19 at 8; Doc. No. 20 at 1–2). The

---

[1] When Glenn originally brought this action, Andrew Saul was Commissioner of the Social Security Administration. However, on July 9, 2021, Kilolo Kijakazi assumed the role in an acting capacity. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kijakazi for Saul. See Fed. R. Civ. P. 25(d).

ALJ determined that Glenn was not "disabled" within the meaning of the Social Security Act. (See Doc. No. 23 at 2–3; see also Doc. No. 19 at 8; Doc. No. 20 at 1–2). Specifically, the ALJ found that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Can interact occasionally with supervisors and coworkers. No Interaction with the general public. All interactions should be brief, job-related, and task focused, which is defined as limited to speaking to, serving, or receiving information from supervisors or coworkers. Works better with things than people. Can adapt to routine workplace changes. Can maintain concentration, persistence, and pace for such tasks with normal breaks spread throughout the day.

(Doc. No. 23 at 3). Glenn filed this action after the Appeals Council declined his request to review the ALJ's decision. (Id. at 2; see also Doc. No. 19 at 8; Doc. No. 20 at 2).

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. Where a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

In social security cases under Title XVI, the Court's job is "only to ensure that the Commissioner's determination is supported by substantial evidence." Hizer v. Comm'r of Soc. Sec., __ F. App'x __, 2021 WL 1614827, at *4 (6th Cir. Apr. 26, 2021) (internal citations omitted); see also Kemp v. Saul, No. 3:19-cv-00431, 2020 WL 6305566, at *1–*2 (M.D. Tenn. Oct. 28,

2020); Holtman v. Saul, 441 F. Supp. 3d 586, 590–91 (M.D. Tenn. 2020). "Under the 'substantial evidence' standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." Kemp, 2020 WL 6305566, at *2 (citing Biestek v. Berryhill, 129 S. Ct. 1148, 1154 (2019)). Whether an ALJ's decision is supported by "substantial evidence" is not a high bar and likely amounts to "less than a preponderance of the evidence." Brown v. Comm'r of Soc. Sec., 814 F. App'x 92, 95 (6th Cir. 2020) (quoting Biestek, 139 S. Ct. at 1154). And "if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." Jones v. Berryhill, 392 F. Supp. 3d 831, 838 (M.D. Tenn. 2019) (internal citations and quotations omitted).

**III.   ANALYSIS**

After explaining the appropriate legal standards under 42 U.S.C. § 405(g) and 20 C.F.R. § 416.920(a), the Magistrate Judge concluded that the ALJ properly considered and weighed the medical opinion evidence from state agency medical consultants Dr. Annette Brooks-Warren and Dr. Victor O'Bryan. (Doc. No. 23 at 10–12). In sum, the Magistrate Judge found that Glenn "has not carried his burden . . . of demonstrating that the ALJ's determination that he was not disabled is not supported by substantial evidence." (Id. at 11–12) (internal citations and quotations omitted).

Glenn lodges a single, opaquely articulated objection. As best the Court can construe it, Glenn claims that the ALJ improperly relied on a vocational expert's contradictory testimony at an administrative hearing to discredit the medical opinion evidence of Dr. Brooks-Warren and Dr. O'Bryan. (See Doc. No. 24 at 2–3; see also Doc. No. 26-1 at 2). At the administrative hearing, the ALJ asked the expert to consider various hypotheticals in order to determine Glenn's functional capacity. (Doc. No. 14 at 43–46). At one point, the vocational expert testified that someone with Glenn's restrictions:

3

> . . . can interact occasionally with supervisors and coworkers, no interaction with the general public, all interactions should be brief, job-related, and task focused, which is defined as limited to speaking to, serving, or receiving information from supervisors or coworkers. This hypothetical person works better with things than people. This person can adapt to routine workplace changes and can maintain concentration, persistence, and pace for such tasks with normal breaks spread throughout the day.

(Doc. No. 14 at 43–44). Later in the proceedings, however, the vocational expert testified that a person who was "limited to settings with limited social demands, superficial interaction with the public, superficial work focused interaction with co-workers" would not be able to find employment. (Doc. No. 14 at 46). Following the hearing, the ALJ found the medical opinion evidence of Dr. Brooks-Warren and Dr. O'Bryan to be "partially persuasive because they did not adequately consider the claimant's subjective complaints of symptoms." (Doc. No. 14 at 19). According to Glenn, the contradictory testimony unfairly allows the ALJ to "make any decision arbitrarily and capriciously." (Doc. No. 26-1 at 2).

But Glenn's objection is unavailing. As an initial matter, Glenn's objection is improperly vague under both the Federal Rules of Civil Procedure and the local rules of this Court. A party's objections to the R&R must be specific, see Fed. R. Civ. P. 72(b)(2), and "must state with particularity that portion of the Magistrate Judge's order for which review is sought." L.R. 72.01(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001). Objections that merely parrot a party's disagreements with the ALJ's reasoning earlier in the pleading stage are similarly insufficient. See Bradley v. United States, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sep. 17, 2018); see also Shelton v. Saul, No. 2:18-cv-00093, 2020 WL 1284628, at *3 (M.D. Tenn. Mar. 18, 2020) (citing J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019)). Here, Glenn merely reiterates

arguments brought earlier in his pleadings rather than point to specific portions of the Magistrate Judge's R&R to which he objects. (See Doc. No. 19 at 10–12). And Glenn's reply brief, supposedly filed to clarify his position, hardly cures the vagueness defect. (See Doc. No. 26-1). The Court may overrule Glenn's objection on this ground alone. See Fed. R. Civ. P. 72(b)(2); L.R. 72.01(a).

Erring on the side of caution, however, the Court will address the merits of Glenn's objection and conclude that the ALJ properly weighed the opinion evidence at issue here. Under the operative regulations, the ALJ is to evaluate the persuasiveness of medical opinions in light of five factors, including supportability and consistency, rather than give them specific evidentiary weight. See 20 C.F.R. § 404.1520c(a)-(c); see also Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247–48 (6th Cir. 2007). Although the ALJ is required to "articulate . . . how persuasive" she finds the medical opinions, such a responsibility is limited. See id. § 404.1520c(b)(2). The ALJ is only required to "explain how [it] considered the supportability and consistency factors for . . . medical opinions." Id.; see also Herndon v. Comm'r of Soc. Sec., No. 20-6094, 2021 U.S. App. LEXIS 15178, at *13 n. 4 (6th Cir. May 20, 2021).

Here, the ALJ did just that by concluding that the medical opinions "did not adequately consider the claimant's subjective complaints of symptoms," and "the record does not contain any other opinion evidence from a health care professional that addresses the claimant's ability to perform the basic work activities since the application date, let alone any suggesting limitations more restrictive than those found in his residual functional capacity . . . ." (Doc. No. 14 at 19). The ALJ is permitted to, as here, give the opinion evidence whatever weight it deems appropriate. See Hizer, 2021 WL 1614827, at *4 (citing Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006)).

Nor was the ALJ required to be bound by the vocational expert's contradictory

5

hypotheticals, as Glenn attempts to suggest. (See Doc. No. 26-1 at 2). The "ALJ may well conclude that the vocational expert's answer is irrelevant to whether there are jobs in the national economy that the *claimant* can perform. . . . To hold otherwise would effectively eliminate the ALJ's ability to ask any questions about a hypothetical individual unless he had identified the contours of the claimant's disability by the time of the hearing." Kessans v. Comm'r of Soc. Sec., 768 F. App'x 531, 536 (6th Cir. 2019). In any event, nothing in the administrative record suggests the ALJ improperly relied on the vocational expert's hypothetical testimony in rejecting the medical opinion evidence. (See Doc. No. 14 at 19–20).

In sum, the Court finds that substantial evidence supported the ALJ's decision. See Jones, 392 F. Supp. 3d at 838. The Court must therefore defer to that finding. Id. Accordingly, having thoroughly reviewed the record, relevant regulations, and case law, the Court concludes that the ALJ applied the correct legal standards in its determinations regarding the medical opinions of Dr. Brooks-Warren and Dr. O'Bryan.

**IV.     CONCLUSION**

For the foregoing reasons, the R&R (Doc. No. 23) is **APPROVED AND ADOPTED** and Glenn's objections are **OVERRULED**. Glenn's Motion for Judgment Upon the Administrative Record (Doc. No. 18) is **DENIED** and the Commissioner's decision is **AFFIRMED**. As an additional housekeeping matter, Glenn's Motion for Leave to Respond (Doc. No. 26) is **DENIED AS MOOT** because the Court considered Glenn's reply in its reasoning above. The Clerk shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE